UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEMINI H. REYES,<br><br>    Plaintiff,<br><br>    v.<br><br>FIRCREST SCHOOL,<br><br>    Defendant. | CASE NO. C11-0778JLR<br><br>ORDER ON MOTION TO DISMISS |

## I.   INTRODUCTION

This matter comes before the court on Defendant Fircrest Residential Habilitation Center's ("Fircrest")[1] motion to dismiss (Mot. (Dkt. # 20)) *pro se* Plaintiff Gemini Reyes' complaint (Compl. (Dkt. # 1)). Fircrest asks the court to either (1) dismiss the complaint or quash service under Federal Rule of Civil Procedure 12(b)(5) for failure to properly

---

[1] Ms. Reyes improperly names "Fircrest School" as the defendant, however, sometimes Fircrest is referred to as "Fircrest School." (*See* Mot. at 1.)

ORDER- 1

effectuate service, (2) dismiss the complaint under Rule 12(b)(6) for failure to state a claim, or (3) require Ms. Reyes to file a more definite statement pursuant to Rule 12(e). (*See generally* Mot.)

Having considered the submissions of the parties, the balance of the record, and the relevant law, and no party having requested oral argument, the court GRANTS in part and DENIES in part as MOOT Fircrest's motion to dismiss (Dkt. # 20). The court grants the motion under Rule 12(b)(5) and quashes Ms. Reyes' prior attempts at service. The court orders Ms. Reyes, within 30 days from the date of this order, to (1) properly serve Fircrest as described in this order, and (2) file a submission with the court clearly establishing proper service. The court will dismiss this action without prejudice if Ms. Reyes fails to properly effectuate service and notify the court within the prescribed time period. The court denies the remainder of Fircrest's motion as moot.

## II.   BACKGROUND

On June 16, 2011, Ms. Reyes filed her complaint against Fircrest, a state-run facility for people with developmental disabilities that is managed by the Washington State Department of Social and Health Services.[2] Although the handwritten complaint is difficult to comprehend and illegible in part, the court construes it liberally in light of Ms.

---

[2] Ms. Reyes does not allege in the complaint that Fircrest is a state entity. (*See generally* Compl.) The court, however, takes judicial notice of the fact that Fircrest is a state entity because this fact is "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (internal quotations omitted). Fircrest's website, located at http://www.dshs.wa.gov/ddd/Fircrest.shtml, identifies the habilitation center as a state entity. *See Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 213 n.7 (2008) (taking judicial notice of information on government website).

1  Reyes' *pro se* status, *Johnson v. Lucent Techs., Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011),
2  and discerns the following allegations. Ms. Reyes alleges that Fircrest violated her civil
3  rights. (Mot. at 2.) It appears from her complaint that she was on leave while her
4  husband was dying, that her husband died August 12, 2010, and that she was terminated
5  from her job on August 21, 2010. (*Id.* at 3.) Additionally, she alleges that she became
6  sick while outside the United States and that her medical insurance was cancelled
7  because she had used all of her sick leave and vacation time. (*Id.*) It is unclear from the
8  complaint if her illness began before her termination. (*Id.*) Ms. Reyes seeks payment for
9  her medical expenses. (*Id.*)

10 On April 4, 2012, the court issued an order to show cause why the court should not
11 dismiss the action because Ms. Reyes had not properly served Fircrest with a summons
12 and a copy of the complaint within the timeframe provided in Federal Rule of Civil
13 Procedure 4(m). (Order (Dkt. # 9).) On May 16 and May 18, 2012, Ms. Reyes filed
14 copies of her post office receipts that allegedly show items were mailed to Fircrest using
15 certified mail (Dkt. ## 15, 16). It is unclear, however, what Ms. Reyes mailed to Fircrest
16 because she did not file an affidavit or other explanation identifying the contents of her
17 mailings (*See* Dkt. ## 15, 16).
18 \\
19 \\
20 \\
21 \\
22 \\

ORDER- 3

### III.  ANALYSIS

Fircrest seeks to have the court order Ms. Reyes to properly effectuate service or to dismiss the complaint under Rule 12(b)(5) for insufficient service of process.[3] (Mot. at 3.)  Alternatively, Fircrest moves to dismiss Ms. Reyes' complaint under Rule 12(b)(6) or for the court to order Ms. Reyes to file a more definite statement under Rule 12(e).  (*See generally* Mot.)  Because the court agrees with Fircrest, as discussed in more detail below, that Ms. Reyes has not effectuated proper service as required by Rule 4, the court is without jurisdiction to consider Fircrest's remaining arguments.  *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (noting that "[d]efendants must be served in accordance with [R]ule 4(d) of the Federal Rules of Civil Procedure, or there is no personal jurisdiction").  The court thus grants Fircrest's Rule 12(b)(5) motion and denies the remainder of its motion as moot.

When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by Rule 4.  *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  As a general principle, "Rule 4 is a flexible rule that should be liberally construed," *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984), and "substantial compliance with the service requirements of Rule 4 is sufficient so long as the opposing

---

[3] The court considers the Rule 12(b)(5) motion even though Fircrest has appeared in this matter because Fircrest did so "without waiving objection as to improper service." (Dkt. # 18.) Therefore, the court does not consider Fircrest's appearance to be a waiver of its right to litigate service. *See T-Scan Corp. v. BPA Tech., Inc.*, No. 2:10-CV-00470-MJP, 2011 WL 240517, at *1 (W.D. Wash. Jan. 24, 2011) (granting Rule 12(b)(5) motion to dismiss for insufficient service even after the defendant filed a notice of appearance that specifically disclaimed waiver of an insufficient service of process defense).

party receives sufficient notice," *Daly-Murphy v. Winston*, 837 F.2d 348, 355 n.4 (9th Cir. 1987). The sufficient notice exception, however, also "contains a justifiable excuse requirement." *Id.* (internal quotations omitted). A party's pro se status, alone, is not a justifiable excuse for the defect. *See Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992) (concluding that *pro se* plaintiff had not properly served defendants and that he lacked good cause for the defective service).

Additionally, the Ninth Circuit Court of Appeals has held that a party's failure to strictly comply with Rule 4's service requirement does not warrant dismissal if: "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." *Borzeka*, 739 F.2d at 447 (adopting exception to strict compliance for service made upon the United States government); *see also S.J., ex rel. S.H.J. v. Issaquah Sch. Dist.*, No. C04-1926RSL, 2007 WL 764916, at *2 (W.D. Wash. Mar. 8, 2007) (concluding that the reasoning in *Borzeka* also applies to service upon local governments).

Fircrest argues that Ms. Reyes failed to comply with Rule 4, which sets forth procedures for serving a defendant. (Mot. at 3.) Rule 4(j)(2) governs service on state entities, such as Fircrest, and requires that service on a state entity be made by either "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Washington State

ORDER- 5

requires that service of a complaint and a summons upon a state agency must be done by service "upon the attorney general, or by leaving the summons and complaint in the office of the attorney general with an assistant attorney general." RCW 4.92.020.

The court concludes that Ms. Reyes has failed to meet her burden of demonstrating that she complied with Rule 4(j)(2) in serving Fircrest. She attempted to effectuate service by certified mail, however certified mail is not sufficient under either prong of Rule 4(j)(2). First, Rule 4(j)(2)(A) does not provide for service by mail. Fed. R. Civ. P. 4(j)(2)(A); *cf.* Fed. R. Civ. P. 4(f)(2)(C)(ii) and 4(i)(1)(A)(ii); s*ee also McCurdy v. Cambridge Sch. Dist. No. 432*, No. 1:10-CV-150-BLW, 2010 WL 4666046, at *1 (D. Idaho Nov. 8, 2010) (noting that "service by mail is not addressed by Rule 4(j)(A)" and then considering whether service by mail was appropriate under state law pursuant to Rule 4(j)(B)); *Yates v. Baldwin*, 633 F.3d 669, 672 (8th Cir. 2011) (noting that certified mail does not constitute "delivering" under Rule 4). Second, Ms. Reyes has not satisfied Rule 4(j)(2)(B) because certified mail is not a valid way of effectuating service under Washington law. RCW 4.92.020; *see also Robinson v. Tacoma Cmty. Coll.*, No. C11-5151BHS, 2011 WL 1883821, at *4 (W.D. Wash. May 17, 2011) (noting that mailing a complaint to a state agency is not proper service under Washington law). Rather, Washington law requires that service upon a state agency be made by either serving the attorney general or "by leaving the summons and complaint in the office of the attorney general with an assistant attorney general." RCW 4.92.020. Accordingly, Ms. Reyes has not met her burden of establishing her compliance with Rule 4(j)(2).

Additionally, Ms. Reyes' failure to strictly comply with Rule 4(j)(2) is not excused under *Dale-Murphy*'s sufficient notice exception or *Borzeka's* four-part test because she has not offered a justifiable excuse for her failure to properly serve Fircrest. Even if Ms. Reyes' failure to properly serve Fircrest or provide an explanation for the failure is attributed to inadvertent error or ignorance of the governing rules, neither of these reasons constitute good cause. *See Townsel v. Cnty. of Contra Costa,* 820 F.2d 319, 320 (9th Cir. 1987) (noting that ignorance of Rule 4 or inadvertent failure to comply with the Rule's requirement did not constitute good cause).

Because Ms. Reyes has not satisfied her burden of demonstrating proper service, the court has discretion to either dismiss or retain the action. *See Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976). "Dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper service." *Arasan Chip Sys., Inc. v. Sonix Tech. Co. Ltd.*, No. 509-CV-02172 JF PVT, 2010 WL 890424, at *1 (N.D. Cal. Mar. 8, 2010) (internal quotation omitted); *see also Randolph v. City of E. Palo Alto*, No. C 06-07476 SI, 2007 WL 1232057, at *3 (N.D. Cal. Apr. 26, 2007) (noting that "[i]f the Court decides not to dismiss, it quashes the ineffective service that has been made on the defendant and provides the plaintiff the opportunity to serve the defendant again effectively"); *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (noting that "even if service were insufficient—on which we express no opinion—we could not simply affirm dismissal because the district court has discretion to dismiss an action or to quash

service"). Here, the court determines that there is a reasonable prospect that service can be properly effectuated, and therefore, the court retains the action but quashes Ms. Reyes' prior attempts at service. Ms. Reyes must, within 30 days of the date of this order, properly effectuate service on Fircrest by either (1) delivering a copy of the summons and the complaint to the Department of Social and Health Services' chief executive officer, or (2) serving the Washington State attorney general or leaving the summons and a copy of the complaint in the office of the Washington State attorney general with an assistant attorney general. Fed. R. Civ. P 4(j)(2); RCW 4.92.020. Also, within 30 days of the date of this order, Ms. Reyes must file a submission with the court clearly establishing her proper service of the summons and a copy of the complaint on Fircrest.

## IV.  CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part as MOOT Fircrest's motion to dismiss (Dkt. # 20). The court grants the motion under Federal Rule of Civil Procedure 12(b)(5) and quashes Ms. Reyes' prior attempts at service. The court orders Ms. Reyes, within 30 days from the date of this order, to (1) properly serve Fircrest as described in this order, and (2) file a submission with the court clearly demonstrating proper service. The court will dismiss this action without prejudice

\\
\\
\\
\\

ORDER- 8

1  if Ms. Reyes fails to properly effectuate service and notify the court within the

2  prescribed time period.  The court denies the remainder of Fircrest's motion as moot.

3       Dated this 1st day of August, 2012.

                                                      JAMES L. ROBART
                                                      United States District Judge

ORDER- 9