1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   GEMINI HILO REYES,                         CASE NO. C11-0778JLR

11                       Plaintiff,               ORDER GRANTING MOTION
                                                  TO DISMISS WITH LEAVE TO
12            v.                                  AMEND

13   FIRCREST SCHOOL,

14                       Defendant.

15                    **I.    INTRODUCTION**

16            Before the court is Defendant Fircrest School's ("Fircrest") Federal Rule of Civil

17   Procedure Rule 12(b)(6) motion to dismiss Plaintiff Gemini Hilo Reyes's complaint

18   (Compl. (Dkt. # 4)) for failure to state a claim upon which relief can be granted, or

19   alternatively, to require a more definite statement pursuant to Rule 12(e).  (Mot. (Dkt.

20   # 28)).

21            Having considered the submissions of the parties, the balance of the record, and

22   the relevant law, and no party having requested oral argument, the court GRANTS

ORDER- 1

1 Fircrest's motion to dismiss (Dkt. # 28). The court, however, grants Ms. Reyes leave to

2 amend her complaint within 15 days of the date of this order.

## II.   BACKGROUND

4       On June 16, 2011, Ms. Reyes filed her complaint against Fircrest, a state-run

5 facility for people with developmental disabilities that is managed by the Washington

6 State Department of Social and Health Services.[1] Although the handwritten complaint is

7 difficult to comprehend and illegible in part, the court construes it liberally in light of Ms.

8 Reyes's *pro se* status, *Johnson v. Lucent Techs., Inc.*, 653 F.3d 1000, 1011 (9th Cir.

9 2011), and discerns the following allegations. Ms. Reyes alleges that Fircrest violated

10 her civil rights. (Compl. at 2.) It appears from her complaint that she was on leave in the

11 Philippines while her husband was dying, that her husband died on August 12, 2010, and

12 that she was terminated from her job on August 21, 2010. (*Id.* at 3.) Additionally, she

13 alleges that she became sick while outside the United States and that her medical

14 insurance was cancelled because she had used all of her sick leave and vacation time.

15 (*Id.*) It is unclear from the complaint if her illness began before her termination. (*Id.*)

16 Ms. Reyes seeks payment for her medical expenses. (*Id.*)

17       Ms. Reyes's complaint does not clearly state any particular causes of action.

18 However, she attaches several documents that shed more light on what sort of claims she

19

20 [1]Ms. Reyes does not allege in the complaint that Fircrest is a state entity. (*See generally* Compl.) The court, however, takes judicial notice of the fact that Fircrest is a state entity because this fact is "capable of accurate and ready determination by resort to sources whose accuracy cannot

21 be reasonably questioned." *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (internal quotations omitted). Fircrest's website, located at http://www.dshs.wa.gov/ddd/Fircrest.shtml,

22 identifies the habilitation center as a state entity. *See Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 213 n.7 (2008) (taking judicial notice of information on government website).

1  is alleging. One of the attached documents is titled "Unlawful Reasons for Termination",

2  and Ms. Reyes has circled a section discussing the Family and Medical Leave Act

3  ("FMLA"). (Resp. (Dkt. # 23) at 3.) Furthermore, another attached page (that appears to

4  be from a civil rights complaint template) has a box labeled "Americans with Disabilities

5  Act" checked. (*Id*. at 9). Therefore, the court construes Ms. Reyes's complaint to allege:

6  (1) a civil rights violation under 42 U.S.C. § 1983; (2) a violation of the Family and

7  Medical Leave Act, 29 U.S.C. § 2601; and (3) a violation of the Americans with

8  Disabilities Act, 42 U.S.C. § 12112.

9                                    **III.   ANALYSIS**

10 **A.    Standards**

11         When considering a motion to dismiss for failure to state a claim under Rule

12 12(b)(6), the court construes the complaint in the light most favorable to the non-moving

13 party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir.

14 2005). The court must accept all well-pleaded allegations of material fact as true and

15 draw all reasonable inferences in favor of the plaintiff. *See Wyler Summit P'ship v.*

16 *Turner Broad. Sys.*, 135 F.3d 658, 661 (9th Cir. 1998). "To survive a motion to dismiss,

17 a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

18 relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

19 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility

20 when the plaintiff pleads factual content that allows the court to draw the reasonable

21 inference that the defendant is liable for the misconduct alleged." *Id.* at 663. "The

22 plausibility standard is not akin to a 'probability requirement,' but it asks for more than a

1   sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*,

2   550 U.S. at 556). Although a court considering a motion to dismiss must accept all of the

3   factual allegations in the complaint as true, the court is not required to accept as true a

4   legal conclusion presented as a factual allegation. *Id.* (citing *Twombly*, 550 U.S. at 555).

5         These rules apply even though Ms. Reyes is proceeding *pro se*. Because Ms.

6   Reyes is proceeding *pro se*, the court must construe her complaint liberally while

7   evaluating it under the *Iqbal* standard. *Johnson v. Lucent Techs., Inc.*, 653 F.3d 1000,

8   1011 (9th Cir. 2011). Although the court holds the pleadings of pro se plaintiffs to "less

9   stringent standards than those of licensed attorneys," *Haines v. Kerner*, 404 U.S. 519, 520

10  (1972), "those pleadings nonetheless must meet some minimum threshold in providing a

11  defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dept. of the*

12  *Navy*, 66 F.3d 193, 198-99 (9th Cir. 1995). Additionally, the court should not "supply

13  essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union*

14  *Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997). Nevertheless, "[l]eave to amend should be

15  granted unless the pleading could not possibly be cured by the allegation of other facts,

16  and should be granted more liberally to *pro se* plaintiffs." *Id.* (quoting *McQuillion v.*

17  *Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004) (internal quotation marks

18  omitted)).

19  **B.    Motion To Dismiss**

20        1. 42 U.S.C. § 1983

21        The first claim that Ms. Reyes's complaint appears to allege is a violation of a

22  constitutionally secured right by a state actor. To state a claim under 42 U.S.C. § 1983, a

1   plaintiff must allege two elements:  (1) that a right secured by the United States

2   Constitution or the laws of the United States was violated, and (2) that the violation was

3   committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48

4   (1988); *Gomez v. Toledo,* 446 U.S. 635, 640 (1980).  While the court, for the purposes of

5   this motion, assumes that any action taken against Ms. Reyes was done by a person

6   acting under color of state law, Ms. Reyes's complaint is devoid of any facts that indicate

7   whether a right secured by the United States Constitution or the laws of the United States

8   was violated.  The only reference to a violation of a constitutionally secured right appears

9   in the "Statement of Claim" section of her complaint-form, and simply reads "OUR

10  CIVIL RIGHTS." (Compl. at 2.)  Without more, the court cannot find that Ms. Reyes

11  has established a prima facie case of a 42 U.S.C. § 1983 violation.  Therefore, this cause

12  of action is dismissed without prejudice.

13          2.  <u>The Family and Medical Leave Act</u>

14          Ms. Reyes may also be trying to make a claim under the FMLA because she was

15  out of the country when she was terminated by Fircrest. (Compl. at 3.)  To establish a

16  prima facie case under the FMLA, Ms. Reyes must establish that:  "(1) [she] was eligible

17  for the FMLA's protections, (2) [her] employer was covered by the FMLA, (3) [she] was

18  entitled to leave under the FMLA, (4) [she] provided sufficient notice of [her] intent to

19  take leave, and (5) [her] employer denied [her] FMLA benefits to which [she] was

20  entitled." *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011).  Ms. Reyes has

21  failed to allege facts indicating whether or not she was eligible for the FMLA's

22  protections, whether Fircrest was covered by the FMLA, whether she was entitled to

ORDER- 5

1   leave, whether or not she provided notice to Fircrest for her leave to the Philippines, or

2   any facts indicating that she was denied the protections under the FMLA to which she

3   was entitled.  (*See* Compl.)  Therefore, even accepting all of Ms. Reyes's allegations as

4   true, Ms. Reyes does not state a claim for relief under the FMLA, and the cause of action

5   is dismissed without prejudice.

6           3.   The Americans with Disabilities Act

7           Finally, Ms. Reyes claims that Fircrest violated the Americans with Disabilities

8   Act ("ADA").  The ADA prohibits an employer from discriminating "against a qualified

9   individual with a disability because of the disability." 42 U.S.C. § 12112(a).  To state a

10  prima facie case under the ADA, Ms. Reyes must show that:  (1) she is a disabled person

11  within the meaning of the ADA; (2) she is a qualified individual, meaning she can

12  perform the essential functions of her job; and (3) she suffered an adverse employment

13  action at the hands of Fircrest because of her disability.  *See Sanders v. Arneson*

14  *Products, Inc.*, 91 F.3d 1351, 1353 (9th Cir. 1996).  "Among those employment decisions

15  that can constitute an adverse employment action are termination, dissemination of a

16  negative employment reference, issuance of an undeserved negative performance review

17  and refusal to consider for promotion." *Brooks v. City of San Mateo*, 229 F.3d 917, 928

18  (9th Cir. 2000).

19          Ms. Reyes has failed to allege any facts indicating that she is a disabled person

20  within the meaning of the ADA or that she is a qualified individual.  (*See* Compl.)

21  However, even assuming that the illness she suffered from in the Philippines qualifies her

22  for protections under the ADA, and assuming that she is a qualified individual, she has

ORDER- 6

1  failed to allege that she was terminated from Fircrest because of her disability.  Without

2  any factual allegations as to Fircrest's intent in terminating her from employment, Ms.

3  Reyes's ADA claim cannot survive this motion to dismiss.  Therefore, Ms. Reyes's ADA

4  claim is dismissed without prejudice.

5                              **IV.    CONCLUSION**

6          Based on the foregoing, the court GRANTS Fircrest's motion to dismiss (Dkt.

7  # 28)  and DISMISSES Ms. Reyes's complaint without prejudice (Dkt. # 4).  The court,

8  however, GRANTS Ms. Reyes leave to amend her complaint and cure the deficiencies

9  described above within 15 days of the date of this order.  If Ms. Reyes does not, the court

10  will dismiss her claims without prejudice.

11          Dated this 21st day of November.

12

13                                           JAMES L. ROBART
14                                           United States District Judge

15

16

17

18

19

20

21

22

ORDER- 7